UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA GERACE,<br><br>      Plaintiff,<br><br>      v.<br><br>JULIE ANDREWS, SYCAMORE SPEEDWAY & ASSOCIATES, INC., and WINNER'S CIRCLE & ASSOCIATES, INC.,<br><br>      Defendants. | No. 13 CV 5965<br><br>Judge Manish S. Shah |

## MEMORANDUM OPINION AND ORDER

In 2013, Julie Andrews (a citizen of Florida) filed in federal court an action against her sister, Linda Gerace (a citizen of Illinois), alleging that Gerace and others had violated the Racketeer Influenced and Corrupt Organizations Act by stealing from two businesses co-owned by the sisters. The businesses were incorporated and operated in Illinois. Later that year, after a related state-court action was removed by Andrews to federal court and subsequently dismissed, Gerace filed in federal court a derivative suit on behalf of the corporations, naming as defendants Andrews and both companies (the latter as nominal defendants). Gerace's complaint alleged only state-law claims. For the reasons discussed below, I find that there is no subject-matter jurisdiction over Gerace's suit, and I dismiss that action without prejudice.

I.  Facts

In February 2013, Julie Andrews (a citizen of Florida) filed an action against her sister, Linda Gerace (a citizen of Illinois), in the District Court for the Northern District of Illinois. *See Andrews v. Gerace, et al.*, No. 13-cv-1521 (N.D. Ill.). In her complaint, Andrews alleged that Gerace and others (including Gerace's husband and children) had violated the Racketeer Influenced and Corrupt Organizations Act by stealing from and using for personal gain the property of two businesses co-owned by the sisters. The companies—Sycamore Speedway and Winner's Circle—were (and are) Illinois corporations with principal places of business in Maple Park, Illinois. *See* [1] ¶¶ 16–17.[1] Andrews and Gerace had purchased the businesses from their mother in 2010, and each sister owned 50% of the shares of each company. *Id.* ¶¶ 13, 19–20.

Two months after Andrews filed the RICO action against Gerace, the businesses filed a separate state-court action against both sisters, requesting both declaratory judgment (declaring Andrews to be the *de facto* secretary of the corporations and Gerace their *de facto* president) and injunctive relief (enjoining Andrews from interfering with the management or operations of the businesses). *See* [8-1]. Andrews then filed a notice of removal to federal court. *See* [8-3]; *see also Sycamore Speedway & Assocs., et al. v. Andrews, et al.*, No. 13-cv-3530 (N.D. Ill.). In a hearing on Gerace's motion to remand the suit to state court, Judge Pallmeyer suggested that the parties seek relief in the RICO action (then before Judge Zagel)

---

[1] Citations to the record in the instant action are designated by the document number as reflected on the Court's docket for this case, enclosed in brackets.

and dismissed the case without prejudice. *See* [37-2] at 8:14–:20, 10:2–:3; [8-6] at 2. Neither Gerace nor the corporations sought relief in the RICO suit (by, for example, filing a counterclaim against Andrews).

In August 2013, Gerace filed the instant suit (No. 13-cv-5965) in federal court—a derivative action naming as defendants Andrews and the two businesses (the latter as nominal defendants, *see* [1] ¶ 14), seeking reorganization of the companies and the return of approximately $45,000 that Andrews allegedly stole from those entities (as well as the same declaratory and injunctive relief originally sought in the now-terminated state-court action).[2] [1]. Andrews filed a motion to dismiss the suit—then before Judge Norgle—as duplicative of the earlier state-court action dismissed by Judge Pallmeyer. *See* [8]. On Gerace's motion, the case was reassigned to Judge Zagel and consolidated with the RICO action for pretrial purposes (excluding trial and summary judgment). *See* [16], [18]. In June 2014, both cases were reassigned to my calendar. During a status hearing on July 21, 2014, I requested that Gerace file a memorandum regarding subject-matter jurisdiction in the derivative suit, *see* [36], which Gerace filed on August 11, 2014, [37].

### III. Analysis

In her motion to dismiss Gerace's action, [8], Andrews does not address whether the Court has subject-matter jurisdiction over the case. However, I must "be alert to jurisdictional requirements," *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (citation omitted), and I must consider *sua sponte* any

---

[2] Gerace also brought a breach-of-contract claim based on Andrews's alleged failure to prepare certain corporate documents. *See* [1] ¶¶ 66–77.

3

questions concerning subject-matter jurisdiction, *Wellness Int'l Network, Ltd. v. Sharif,* 727 F.3d 751, 768 (7th Cir. 2013) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Capron v. Van Noorden*, 6 U.S. 126, 127 (1804)).

The instant suit is a derivative action seeking various forms of relief, including reorganization of the co-owned businesses and the return to those entities of monies that Andrews allegedly stole from them. *See* [1]. None of the claims arises under federal law. Thus, for subject-matter jurisdiction to exist, it must be predicated on diversity of citizenship—that is, there must be complete diversity between Gerace and the named defendants, and the amount in controversy must exceed $75,000, *see* 28 U.S.C. § 1332(a). Because I find that diversity in this case is incomplete, I find that there is no subject-matter jurisdiction.

### A. Diversity Jurisdiction

Gerace, the shareholder plaintiff in this derivative action, is a citizen of Illinois. [1] ¶ 9. Andrews, a defendant, is a citizen of Florida. *Id.* ¶ 10. So far, so good. However, defendants Sycamore Speedway and Winner's Circle—both Illinois corporations whose principal places of business are also in Illinois, *id.* ¶¶ 16–17—are, like Gerace, citizens of Illinois. *See* 29 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of [the state in which] it has been incorporated and [the state] where it has its principal place of business . . . ."). The question, then, is whether the citizenships of the businesses—each included only as a nominal defendant—must be counted for the purposes of determining whether there is diversity jurisdiction.

4

They must. The fact that the businesses are merely nominal defendants (rather than "real" defendants) does not change their alignment for the purposes of determining whether there is diversity. Where diversity jurisdiction is concerned, corporations in derivative suits "are treated as . . . defendant[s]," *Beck v. Dobrowski*, 559 F.3d 680, 687 (7th Cir. 2009) (citing *Smith v. Sperling*, 354 U.S. 91, 95–97 (1957)); *see also Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382 (7th Cir. 1990) (noting that the "unwilling corporation" named in a derivative suit "is aligned as a defendant"). Thus, to achieve complete diversity—and establish subject-matter jurisdiction—the corporations must be diverse from Gerace. But they are not. The corporations, like Gerace, are citizens of Illinois.[3]

---

[3] In some instances, the citizenship of a corporation may be discounted for the purposes of determining whether there is diversity jurisdiction. In a true derivative suit, there are, in effect, two causes of action: "one against the . . . directors for failing to sue" on a "corporate right that was allegedly violated," and another based on the alleged violation, itself. *Davis v. Dyson*, 387 Ill.App.3d 676, 683 (2008) (citing *Brown v. Tenney*, 125 Ill.2d 348, 355 (1988)). The corporation is thus a necessary party and is included as a (nominal) defendant. *See id.* (citation omitted). In some instances, however, a plaintiff has filed a derivative action where they could have—or should have—brought an individual or "direct" claim instead. In those situations, the corporation is not truly a defendant at all, and its citizenship may be ignored for the purposes of determining whether there is diversity jurisdiction. *See Weinstein v. Schwartz*, 422 F.3d 476, 478 (7th Cir. 2005).

Gerace does not argue that she could have brought any of her claims on a direct or individual basis. And even if Gerace had so argued, her argument would have been unavailing because her complaint contains at least one claim that could *not* have been filed as a direct action. As the Seventh Circuit explained in *Bagdon*, the rule that "unwilling" corporations are aligned as defendants in derivative suits "is not a one way street": a shareholder plaintiff cannot pick and choose which claims in her complaint are the claims to which the corporation is a necessary party. *See* 916 F.2d at 382 (observing that corporations cannot participate in a suit "only when [their] presence creates federal jurisdiction"). If the corporation is a necessary party to *any* claim in the complaint—and the participation of the corporation "spoils jurisdiction" for that claim—the complaint must be dismissed. *Id.* Here, then, Gerace's complaint must be dismissed for lack of jurisdiction if the participation of Sycamore Speedway and Winner's Circle as defendants to any *one* claim would destroy jurisdiction. Put another way, Gerace's complaint must be dismissed if it contains even a single claim that may be brought only as a derivative claim. The next question, then, is whether Gerace's complaint contains any such claim.

The question of whether a suit is by nature direct or derivative "is governed by the law of the state of incorporation," *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 589 (7th Cir. 2003) (citation omitted)—here, Illinois. In Illinois, a shareholder *must* bring a derivative action on behalf of the corporation (and cannot bring a direct or individual action) if she is "seeking relief for an injury to

5

## B. Supplemental Jurisdiction

In her memorandum on jurisdiction, Gerace argues that "[t]he issue is not whether the . . . Court has original jurisdiction over" her case, [37] at 4, but whether the Court can exercise *supplemental jurisdiction* over her claims, since those claims are related to—and involve generally the same parties as—the claims at issue in the RICO action filed earlier by Andrews, *see id.* at 3–4. Not so. Supplemental jurisdiction cannot be invoked to save claims in a separate case, however closely related to the issues in another suit, because Congress has expressly limited the reach of supplemental jurisdiction to claims in the same action. *See* 28 U.S.C. § 1367(a) ("*[I]n any civil action* of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy . . . .") (emphasis added). In keeping with Congress's instructions, courts have consistently rejected the very proposition that Gerace offers. *See, e.g.*, *Feldmeier v. Hauser*, No. CV 13-2027-PHX-DGC (BSB), 2013 WL 6844083, at *4 (D. Ariz. Dec.

---

the corporation." *Small v. Sussman*, 306 Ill.App.3d 639, 643 (1999). Individual shareholder actions are permissible only where the shareholder alleges an injury "separate and distinct from that suffered by other shareholders." *See Caparos v. Morton*, 364 Ill.App.3d 159, 167 (2006) (citing *Goldberg v. Michael*, 328 Ill.App.3d 593, 599 (2002)).

There is at least one claim in Gerace's complaint—for example, the "conversion" claim (Count V, *see* [1] ¶¶ 96–106)—that is necessarily a derivative claim under Illinois law. In support of her conversion claim, Gerace alleges that Andrews removed from the corporations' bank account the sum of $44,765.71, *id.* ¶ 96, and explains that this money "belonged to [t]he [c]orporations," *id.* ¶ 99. Gerace contends that the removal of the funds from the businesses' account "injured [t]he [c]orporations as well as *both shareholders*." *Id.* ¶106 (emphasis added). In short, Gerace alleges a direct injury only to the companies, and no "separate and distinct" injury to herself. The conversion claim therefore falls squarely within the definition of a derivative suit under Illinois law. *See Small*, 306 Ill.App.3d at 643. Because Gerace has alleged in her complaint at least one claim that may be brought only as a derivative claim, and because naming the corporations as (nominal) defendants to that claim "spoils jurisdiction," the entire complaint is disabled and must be dismissed. *See Bagdon*, 916 F.2d at 382.

30, 2013); *Beneficial Fin. I Inc. v. Grace*, Civ. No. 11-00624 SOM-BMK, 2011 WL 6180132, at *2 (D. Haw. Dec. 13, 2011); *Rainey v. Bd. of Educ. of Rich Twp. High Sch. Dist. 227*, No. 11 C 107, 2011 WL 741039, at *1–*2 (N.D. Ill. Feb. 24, 2011); *Alford v. LaCoste*, No. 10-579-AC, 2010 WL 5487532, at *5 (D. Or. Nov. 18, 2010); *Lerille v. Monsanto Corp.*, No. 07-3621, 2007 WL 2284570, at *3 (E.D. La. Aug. 6, 2007); *Int'l Union of Painters and Allied Trades Dist. Council No. 78 Health & Welfare Fund v. Old Republic Surety Co.*, No. 8:06-cv-2222-T-24 EAJ, 2007 WL 1363135, at *1 (M.D. Fla. May 8, 2007); *Bantec, Inc. v. Alvarez*, No. C 06-05985 JSW, 2007 WL 608118, at *1 (N.D. Cal. Feb. 23, 2007).

Gerace also argues (in the alternative) that this Court has jurisdiction over her claims because an "independent jurisdictional basis" is not required for crossclaims. *See* [37] at 4 (citing *Jones v. Ill. Dep't of Rehabilitation Servs.*, 689 F.2d 724 (7th Cir. 1982)). But Gerace has not asserted any crossclaims. Crossclaims are claims filed against a coparty in the same case. *See* Fed. R. Civ. P. 13(g). Here, Gerace filed a *separate action* against Andrews and the corporations. As a separate suit, Gerace's complaint cannot ride on the jurisdictional coattails of Andrews's RICO action.[4]

## IV. Conclusion

Though it is true, as Gerace contends, that the principles of judicial economy generally discourage separate adjudication of two related cases where the parties

---

[4] Moreover, even if Gerace had chosen instead to try to seek relief in the earlier-filed RICO action (rather than filing her claims as a separate suit), a crossclaim still would not have been the appropriate mechanism: in the RICO action, Andrews is (as she is here) an *opposing* party to Gerace—not a coparty—and the businesses are not parties at all.

7

overlap substantially, I cannot exercise jurisdiction where none exists. Gerace chose to file a separate action in federal court rather than to seek relief in Andrews's earlier-filed RICO action (as Judge Pallmeyer suggested), and there is no subject-matter jurisdiction over Gerace's separate suit. Accordingly, and for the reasons discussed above, the suit is dismissed without prejudice. Andrews's motion to dismiss, [8], is denied as moot.

ENTERED:

                                                     Manish S. Shah
                                                     United States District Judge

Date: 9/15/14